**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 15, 2012

No. 11-30731

Lyle W. Cayce
Clerk

PEOPLES STATE BANK

Plaintiff - Appellee - Cross-Appellant

v.

PROGRESSIVE CASUALTY INSURANCE COMPANY,

Defendant - Appellant - Cross-Appellee

Appeals from the United States District Court
for the  Western District of Louisiana
5:10-CV-86

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Progressive Casualty ("Progressive") challenges the summary judgment rendered in favor of Peoples State Bank ("Peoples") allowing Peoples to recover on its Financial Institution Bond issued by Progressive for the loss Peoples suffered.  The facts are largely undisputed.  Peoples had a long standing business relationship with First Fidelity Mortgage Company("First Fidelity") which made residential loans to individuals secured by a mortgage.  After First Fidelity closed a number of loans it presented to Peoples the loan package

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-30731

(including in particular the mortgages it obtained to secure the loans) as collateral for the loans Peoples then extended to First Fidelity. After First Fidelity sold the loans and mortgages on the secondary market it used part of the proceeds to repay Peoples. Three loan packages First Fidelity presented to Peoples as collateral for loans are at issue in this case. All of these packages contained falsified or fraudulent documents. Two of the loans were legitimate but First Fidelity had already funded them through another lender. First Fidelity employees forged customer signatures so that they could submit these packages to Peoples as originals. The third loan package was completely falsified.

Peoples sought recovery for losses caused by the fraudulent collateral from Progressive under Progressive's Bond which provided coverage for credit issued in reliance on forged documents in a variety of circumstances. Progressive argued that coverage was not afforded primarily because Peoples failed to review the submitted documents before it issued the loan.

The provisions of the Bond that are in question provide coverage for:

(E) Loss resulting directly from the Insured having, in good faith, for its own account or for the account of others,
        (1) acquired, sold or delivered or given value, extended credit or assumed liability, *on the faith of*, any Written, Original . . .
        (h) Security Agreement, which (i) bears a handwritten signature of any [relevant person] . . . which is a Forgery, or (ii) is altered . . .; [or]. . .
(Emphasis added)

The Insuring Agreement also required that the insured have physical possession of the documents in question as a condition precedent to the insured's having acted on the faith of such items.

The district court found that "on its face the Bond requires only reliance and physical possession." *Peoples State Bank v. Progressive Cas. Ins. Co.*, 2011 WL 2748441, at *4 (W.D. La. 2011). The district court also found that Peoples

2

No. 11-30731

satisfied the "on the faith of" reliance requirement because "it is undisputed that Peoples extended credit . . . in exchange for a security interest in the loans and mortgages, thereby relying on the documents as collateral . . . . Peoples would not have extended credit . . . had it known the loan packages were counterfeit or forged." *Id*. It found no indication that either the Bond's "reliance" or "possession" requirements required review or verification of the documents, and it declined to "read this heightened burden into the Bond where it is not stated." *Id*. We agree with the district court's interpretation of the disputed clause in the Bond.

Peoples cross appealed, arguing that the district court erred in denying its motion to alter or amend the judgment to allow it to claim statutory penalties under La. R.S. 22:1892 and La. R.S. 22:1973, essentially for Progressive's bad faith refusal to pay its claim. Peoples had not requested penalties in its summary judgment motion. The district court denied Peoples' post-judgment motion requesting leave to present the issue for the first time. We find no abuse of discretion in this denial.

For the reasons stated above and those stated in the district court's careful Memorandum Ruling of July 12, 2011, we affirm the judgment of the district court.

AFFIRMED.